CENTRAL CAROLINA FARMERS, INC., AND FCX, INC., PLAINTIFFS AND THIRD PARTY PLAINTIFFS v. W. CONE HILLIARD AND WIFE, SHIRLEY HILLIARD, DEFENDANTS v. PIONEER HI-BRED INTERNATIONAL, INC., THIRD PARTY DEFENDANTS

No. 8115DC145

(Filed 3 November 1981)

Agriculture § 10— liability of vendor for mislabeled seed—insufficient evidence to show mislabeling

The immediate vendor of mislabeled seed is liable under the theory of breach of contract for damages suffered by the purchaser of the seed.

Central Carolina Farmers v. Hilliard

However, the evidence in this case was insufficient to support a finding by the court that defendants obtained a reduced yield from seed corn purchased from plaintiff because the seed corn was a smaller variety than that represented on the label, causing it to pass through the planter too rapidly and to be planted too close together.

APPEAL by plaintiffs and third party defendant from *Peele, Judge.* Judgment dated 29 October 1980 entered in District Court, CHATHAM County. Heard in the Court of Appeals 16 September 1981.

Plaintiff Central Carolina Farmers, Inc. (now FCX, Inc.) sued defendants in the amount of $4,371.30 as money owed on a note executed by defendants in payment for seed corn, fertilizer and other farming supplies. In their answer defendants admitted the execution of the note but counterclaimed for damage to their corn crop in the amount of $5,000. They alleged that the failure of their crop was caused by the plaintiff's mislabeling of the seed corn purchased which resulted in the wrong type of plates being used for planting. Plaintiff filed reply to the counterclaim and joined third party defendant, Pioneer Hi-Bred International, Inc., in this action upon the allegation that the subject bags of seed corn were sold by third party defendant to plaintiff for distribution to the general public in retail sales.

This matter was submitted to the court upon stipulations and depositions taken by the parties. On 29 October 1980 an order was entered granting judgment on the note to plaintiffs. The order also awarded to defendants the sum of $2,820 on its counterclaim against plaintiffs as damages suffered due to the negligent mislabeling or breach of warranty of the seed corn. Plaintiffs in turn were accorded contribution in this amount from third party defendant. Plaintiffs and third party defendant appeal.

*Robert B. Glenn, Jr. for plaintiff-appellants.*

*Edwards & Atwater, by Phil S. Edwards and W. Ben Atwater, Jr., for defendant-appellees.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by Richard M. Wiggins, for third party defendant-appellant.*

MARTIN (Robert M.), Judge.

Appellants appeal from the court's allowance of defendants' counterclaim. The following facts found by the trial judge are not in dispute: On 27 June 1978 defendants executed a note and security agreement in the amount of $4,134.17 to plaintiff for the 30 May 1978 purchase of ten bags of seed corn and other farming supplies. No payments were made on the note which became in default. The seed corn was produced, prepackaged, prelabeled and delivered by third party defendant Pioneer Hi-Bred International, Inc. to plaintiff Central Carolina Farmers, Inc. for sale. Each bag of seed corn had attached to it, either by sewing or by staples, a tag which specified that the corn was F-15, brand 3194 or F15-E, brand 336A and that the bag contained between 84,000 to 93,000 kernels. The label notations of F15 or F15-E referred to the size of the seed corn and its shape as a round or flat kernel. The reverse side of the tags contained suggested recommendations for the proper planter plates to be used in planting the seed corn in order that one seed would drop at the desired distance from the previously dropped seed. The label stated that these recommendations were suggestions only and the purchaser should check his planter. Relying on the information contained on the tags, defendants purchased two planter plates which he delivered to William Beavers who was to plant the corn. Beavers installed the two plates on his planter along with two plates of his own. Defendant Cone Hilliard instructed Beavers to plant the corn eight to ten inches apart and he witnessed a test run by Beavers on hard ground at which time the corn was dropping from the planter approximately eight to ten inches apart. Spacing of the seed corn depends upon the seed plates, the setting of the planter's sprocket and the speed of the tractor pulling the planter. After viewing the test run, Hilliard left the field which was then planted by Beavers using the purchased seed corn for 39½ acres. The corn rows were planted 30 inches apart. The corn germinated adequately but upon inspection was planted six inches apart in each row rather than the desired eight to ten inches apart. When the corn was harvested by the defendants, it was discovered that the yield was forty-five bushels per acre at a time when the average yield in the county was seventy-five bushels.

The court's last finding of fact, that the subject bags of seed corn were mistagged by third party defendant, was excepted to by appellants.

Although the parties stipulated and the trial judge found that the plaintiffs had no duty to the defendants or the third party defendant to examine or inspect the contents of the prepackaged and prelabeled bags of seed corn, this in itself would not absolve the plaintiffs from liability for the sale of mislabeled bags of corn. Under the North Carolina Seed Law, G.S. 106-277 to G.S. 106-277.29, the immediate vendor of any lot of seed which is sold is made responsible for the presence of labels which state, among other things, the name of kind and variety of seed. G.S. 106-277.7 and G.S. 106-277.8. In a factual situation similar to the case at hand, where prepackaged and prelabeled seed had been purchased from a reputable dealer by the immediate vendor, the Court in *Gore v. Ball, Inc.*, 279 N.C. 192, 182 S.E. 2d 389 (1971), held that the sale of mislabeled seed was not negligence under the circumstances but was a violation of the North Carolina Seed Law. The court then further held that in addition to the penalties imposed by this law, the immediate vendor could be held liable for breach of contract with recovery of full damages by the plaintiff.*

Having resolved that plaintiffs, if found to be immediate vendors of mislabeled seed corn, could be held liable for damages suffered by the purchasers of the seed, we now must determine the question of the sufficiency of the evidence to support the court's finding that the seed corn was in fact mislabeled. The disputed finding is as follows:

16. That the subject bags of seed corn were mistagged by the Third Party defendant in that the seed was a smaller size than represented resulting in the planting of the corn too close together and too dense in the subject acreage causing a reduced yield of 45 bushels per acre instead of the county average of 75 bushels per acre thus resulting in damage to the defendants in the above of Two Thousand Eight Hundred Twenty and 00/100 ($2,820.00) Dollars, said amount being stipulated by the parties.

* We note that Chapter 99B, Products Liability, effective 1 October 1979 and establishing standards of liability for the sale of products acquired and sold in a sealed container, does not apply to defendants' counterclaim filed 9 July 1979.

The finding by the court, sitting as judge and jury, is conclusive on appeal if supported by any substantial evidence. However, any inference made must stand upon clear and direct evidence and not upon some other inference. *Carolina Milk Producers Association Co-Operative, Inc. v. Melville Dairy, Inc.*, 255 N.C. 1, 120 S.E. 2d 548 (1961). None of the subject seed corn or any analysis of the corn was ever introduced into evidence. Therefore other facts must be present to support the court's inference that the seed corn was planted too close together, resulting in a reduced yield, because the seed sold to defendants was less than the size it was represented to be on the label, i.e., a different smaller variety of corn.

A careful analysis of the evidence fails to support this finding. Defendants' argument is that, excluding other miscellaneous factors such as weather, fertilization, or soil conditions, their poor yield of corn was a consequence of the seed being planted too close together. They contend that, as a direct result of the purchased seed corn being a smaller kernel than the variety specified, it passed too rapidly through the planter plates recommended on the reverse of the label, so that the corn was planted in six inch intervals rather than eight to ten inch intervals. The evidence presented in the record does not support their hypothesis. Testimony concerning the spacing of seed corn substantiated that the distance between the dropping of corn is determined in some degree by the planter plate, the setting of the planter and the speed at which the planter is driven. If corn that is too small for the planter plate is mistakenly placed in the planter, the result will be seeds dropping out two at a time very close together in erratic spacings, not in regular one-seed spacings of a different length. Defendants' contention that, because the planter plates purchased were oversized for the "mislabeled" seed corn, their desired planting intervals became uniformly shorter by two to four inches is not supported by the evidence. We find insufficient evidence to support the court's finding that the defendants' reduced yield was due to the sale by plaintiffs of a smaller corn mislabeled by third party defendant.

Since the court's conclusion, that defendants were entitled to recover damages suffered due to the mislabeling of the seed corn, is not based upon facts supported by competent evidence, that portion of the judgment is in error.

In light of our decision, we do not reach appellants' argument regarding their limitation of warranty.

That part of the judgment awarding to plaintiff recovery on its note is

Affirmed.

That part of the judgment awarding to defendants recovery on their counterclaim against plaintiffs is

Reversed.

That part of the judgment awarding to plaintiffs recovery against third party defendant is

Reversed.

Judge MARTIN (Harry C.) concurs.

Judge BECTON concurs in the results.